IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD BROOK,

      Plaintiff,                   No. CIV S-09-1364 KJM P

     vs.

J. W. HAVILAND, et al.,

      Defendants.             <u>ORDER</u>

                              /

         Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On October 9, 2009, this court granted plaintiff's request to proceed in forma pauperis and assessed an initial filing fee of $128.60. In addition, the court found service of the complaint appropriate for some but not all of the defendants.

         Plaintiff has now filed objections to these orders and has asked for the appointment of counsel. This court will treat the objections as a motion for reconsideration.

         Plaintiff first complains that he does not have a prison job and cannot pay the initial partial fee assessed by the court. However, the trust account statement plaintiff submitted in support of his request to proceed in forma pauperis shows that in the six months preceding the filing of the complaint, plaintiff has had a balance in his trust account. The certificate portion of his application shows his average monthly balance for that period to have been $643.87.

According to 28 U.S.C. § 1915(b)(1), this court must assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits to the account or the average monthly balance for that six month period. The court declines to reconsider this portion of the order, which complies with the statute.

Plaintiff also contends that the court should have ordered service on defendants Haviland and Cappel. Plaintiff's sole allegation against defendant Haviland is that he "partially granted my Inmate Appeal dated October 1, 2009, and ordered an ICC hearing." Complaint (Compl.) ¶ 29. His sole factual allegation against defendant Cappel is that he "stated at that time that if I pushed the issue the inmates on the yard who lost their jobs would blame me, and 'You know what that means.'" Compl. ¶ 31. In the "Causes of Action" section of the complaint, plaintiff characterizes defendant Cappel's threat as violating plaintiff's right to equal protection and equal treatment, as well as California Civil Code § 52.1, and as causing plaintiff to fear for his safety. Compl. ¶¶ 96-100. He also alleges in general terms that each defendant was retaliating against him for his litigation activity and that the defendants' collective actions violated the Eighth Amendment, along with state statutes. Compl. ¶¶ 101-116.

Even if the court reads the complaint to allege that defendant Haviland violated plaintiff's First and Eighth Amendment rights, the factual allegations do not support these causes of action. Plaintiff says only that defendant Haviland directed that he receive a classification hearing. This does not support a claim of retaliation, for it is not an adverse action. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Nor has plaintiff suggested how it supports any sort of Eighth Amendment claim: there is no suggestion that defendant Haviland deprived plaintiff of any of life's necessities.

However, a very recent decision supports plaintiff's claim that a correctional officer's warning or threat may be a sufficient basis for a retaliation claim. Brodheim v. Cry, ___ F.3d ___, 2009 WL 3448411 (9th Cir. Oct. 28, 2009). Accordingly, the court finds the complaint should be served on defendant Cappel.

2

Finally, plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (docket no. 8) is granted in part and denied in part as follows:

1. Plaintiff's motion for the appointment of counsel is denied.

2. Plaintiff's request to have the initial partial filing fee recalculated is denied.

3. Plaintiff's request for an order directing service on defendant Haviland is denied.

4. Plaintiff's request for an order directing service on defendant Cappel is granted; service is appropriate on the retaliation claim only.

5. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the complaint filed May 15, 2009.

6. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for defendant Cappel; and

   d. Two copies of the endorsed complaint filed May 15, 2009.

/////

/////

1        6. Plaintiff need not attempt service on defendant and need not request waiver of

2 service. Upon receipt of the above-described documents, the court will direct the United States

3 Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4

4 without payment of costs.

5 DATED: November 23, 2009.

                                             U.S. MAGISTRATE JUDGE

2
bro1364.850

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD BROOK,

      Plaintiff,                            No. CIV 09-1364 KJM P

    vs.

J.W. HAVILAND, et al.,                <u>NOTICE OF SUBMISSION</u>

      Defendant.                     <u>OF DOCUMENTS</u>

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____ completed summons form

      _____ completed USM-285 forms

      _____ copies of the _____

                Complaint/Amended Complaint

DATED:

                                          _____
                                          Plaintiff