IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD BROOK,

    Plaintiff,                    No. CIV S-09-1364 KJM P

    vs.

J. W. HAVILAND, et al.,              <u>ORDER AND</u>

    Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges that he sought to enroll in a self-help program called the Offender Employment Consortium (OEC), but that defendant Herrerra refused to permit plaintiff to enroll because his custody level was Close B. Complaint (Compl.) ¶¶ 1-2.[1] Plaintiff filed a grievance, which pointed out he had been working in the building where the program was held for four years. Id. ¶ 3. Because he had already been cleared for "C" side custody, his grievance was partially granted and he was able to enroll in the program. Id. ¶ 4.

/////

---

[1] Citations to the complaint follow the following convention: references to paragraphs (¶) are to the allegations; references to page numbers are to those numbers assigned by the court's CM/ECF system to the exhibits attached to the complaint filed May 15, 2009.

At the end of the program, plaintiff returned to his job at the book bindery. Id. ¶ 6. Shortly after that, however, defendants Miles, the Custody Captain, and Herrera removed plaintiff from his job assignment because of his custody level and escape history. Id. ¶ 10. Nevertheless, the Unit Classification Committee (UCC) cleared him for a gate pass and for reassignment to his job at the book binder. Id. ¶¶ 13, 15, 16. When neither the pass nor the job reassignment materialized, he appeared before the Institutional Classification Committee (ICC). Defendant Singh[2] denied plaintiff's request for a gate pass because he was a life-term inmate with an escape history and because he does not have a parole date and so is deemed not within twenty years of a projected release date. Singh said that all life prisoners were subject to this policy. Id. ¶¶ 27, 29-30. Defendant Cappel told plaintiff if he pursued the matter, inmates who lost their jobs would blame plaintiff. Id. ¶ 31.

Plaintiff alleges that these actions were taken because he had filed a grievance against defendant Herrera and a lawsuit against the prison. Id. ¶¶ 32-33, 47-48, 64, 75. He also alleges that the actions were not supported by a valid penological purpose and were exaggerated responses to concerns. Id. ¶¶ 42, 57, 78.

Defendants have filed a motion to dismiss, arguing that the allegations of the complaint and the materials attached to the complaint show there was a legitimate penological interest for the defendants' refusal to reissue plaintiff a gate pass and thus permit him to return to work and that the claim against defendant Herrera fails on causation grounds. Motion to Dismiss, Memorandum of Points and Authorities (MTD) at 4-5.

Plaintiff has filed a motion to amend his complaint.

I. <u>Standards For A Motion To Dismiss</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

---

[2] Plaintiff spells the name "Sing." Defendants have provided the correct name, which the court will use.

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 551 U.S. 89 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Generally, a court must look no further than the face of the complaint in evaluating a motion to dismiss, but when a plaintiff has attached exhibits to the complaint, the court may consider them in deciding the motion. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Schneider v. California Department of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998). Accordingly, the court will consider the exhibits to the complaint, but will not consider the additional materials plaintiff has submitted with his opposition.

II. Analysis

    A. Retaliation

        Retaliatory actions taken against a prisoner for exercising his First Amendment rights violate the constitution whether or not the underlying misconduct would establish a constitutional violation. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

/////
/////
/////
/////

3

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Id. An allegation of harm, rather than of chill, may be a sufficient basis for a claim of retaliation. Id. at 569-70; Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989). In Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir.1985), the court found that plaintiff stated a retaliation claim when he alleged he was removed from a vocational class because of his efforts as a jailhouse lawyer. In this case, plaintiff alleges that the defendants denied him a gate pass and thus a return to his prison job in retaliation for a grievance against defendant Herrera, or for a lawsuit against the prison, or both, and that these actions were taken without a legitimate penological purpose and were exaggerated responses to concerns.

Defendants contend that the exhibits to the complaint show that no Close B inmate with a history of escape or without a parole date or both was given a gate pass and that plaintiff has pleaded himself out of a claim. MTD at 5 (pointing to plaintiff's exhibits 1, 3). See Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001), as amended, 275 F.3d 1187 (9th Cir. 2001). Although a plaintiff may indeed plead himself out of a claim by attaching documents that contradict the allegations of the complaint, plaintiff has not done so in this case.

Title 15, California Code of Regulations § 3377.1 (a)(4) provides that Close B male inmates "shall be permitted to participate in program assignments and activities during the hours of 0600 hours to 2000 hours in areas located within the facility security perimeter. . . ." See Compl. at 57 (Ex. 8). The ICC cited this regulation and portions of the CSP-Solano (CSP-Sol) Operations Manual Supplement, which provides that Close B inmates are ineligible for C-side assignments if they are "20 Years or more from projected release date," and also that inmates with a history of escape "will be evaluated on a case by case basis." See id. at 49-50 (Ex. 6). The committee concluded that plaintiff did "not meet the criteria for a gate pass due to not having a

projected release date in less than 20 years." Id. at 50. The committee report does note that plaintiff's minimum eligible parole date was May 2, 1988. Id. at 52.

While the exhibit referenced quotes the DOM supplement, other exhibits in the record do not refer to this provision in discussing plaintiff's request for a gate pass; indeed, the responses to plaintiff's grievances cite only to his escape history as the reason for the denial of the gate pass. See Compl. at 25-26, 43 (Exs. 1, 6). Nothing before the court shows that the supplement to the DOM was enforced earlier or that the ICC was quoting it correctly. In light of the documents and allegations that show plaintiff had a gate pass for a number of years, this court cannot say that one reference to a regulation in the ICC report serves to plead plaintiff out of his retaliation claim. Rizzo, 778 F.2d at 532.

B. Causation

Defendants argue that the complaint shows Herrera had no involvement in the revocation of the gate pass apart from drafting a chrono that recorded the fact that the custody captain had denied the gate pass because of plaintiff's escape history. MTD at 6; see Compl. at 34. They also allege that Herrera's decision to deny plaintiff's request to enroll in the OEC cannot be the basis for a retaliation claim because it was the cause of plaintiff's grievance against Herrera. MTD at 6. However, plaintiff alleges that defendant Herrera worked with the custody captain to retaliate against him. Compl. ¶¶ 32, 47, 62; see also id. at 20. This is sufficient to state a claim against Herrera.

III. Motion To Amend The Complaint

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). The motion to dismiss is not deemed a responsive pleading, so a motion is unnecessary.

The amended complaint, however, must be screened as the original complaint was screened. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the

5

1  prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon
2  which relief may be granted, or that seek monetary relief from a defendant who is immune from
3  such relief.  28 U.S.C. § 1915A(b)(1), (2).
4        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
6  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
7  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
8  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,
9  has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.
10  1989); Franklin, 745 F.2d at 1227.
11        In order to avoid dismissal for failure to state a claim a complaint must contain
12  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
13  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
14  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
15  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
16  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
17  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
18  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
19  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
20  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and
21  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
22  U.S. 232, 236 (1974).
23        Plaintiff repeats the allegations of his original complaint, but then describes a series
24  of events, not included in the original complaint.  One is that he was attacked on the recreation
25  yard in 2007 and then charged with participation in a riot.  Amended Complaint (Am. Compl.)
26  ¶¶ 23-24.  Another is that the Board of Parole Hearings told him he would be subject to sex

offender registration when he ultimately paroled even though he has no sex offenses on his record and that word is being spread in the prison that he is a sex offender. Id. ¶¶ 42, 44-45, 50. Finally, he alleges that his cell-mate was put in protective custody and his new cell-mate told plaintiff the new cell-mate was a "trouble maker." Id. ¶¶ 48-49. He does not allege that the named defendants were involved in any of these actions. Because he has not provided any affirmative link or connection between these actions and the defendants in this case, these new allegations do not state a claim under the civil rights act. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). The amended complaint does state a claim of retaliation against the defendants already served, Hererra, Miles, Singh and Cappel.

IT IS HEREBY ORDERED that:

1. The Clerk of the Court assign this case to a district judge; and

2. Plaintiff's motion to file an amended complaint (docket no. 23) is denied as unnecessary.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (docket no. 18) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

/////
/////
/////
/////

1 advised that failure to file objections within the specified time may waive the right to appeal the
2 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: July 1, 2010.

_____
U.S. MAGISTRATE JUDGE

26 2/broo1364.mtd