IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD BROOK,

    Plaintiff,                    No. CIV S-09-1364 GEB CKD P

  vs.

V. SING, et al.,

    Defendant.                FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. On June 2, 2011, plaintiff filed a motion for a temporary restraining order and/or preliminary injunction against "the Defendants, their agents, and all employees of the State Prison, Solano, to stop and surcease all forms of coercion and retaliation against Plaintiff." (Dkt. No. #52 at 1.) Defendants have not filed a response.

       Plaintiff's request for a temporary restraining order is insufficient under E.D. Cal. Local Rule 231(c). Therefore, the request will be construed entirely as a motion for a preliminary injunction.

       The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of

hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Here, plaintiff makes various seemingly unrelated complaints – e.g., he received his legal mail five days later than promised, prison law library staff refused to grant him Preferred Library User Status, his name was not on the Assignment Waiting List – and alleges that defendant Cappel created these problems for him in retaliation for protected First Amendment activities.  (Dkt. No. #52 at 8-9.)  He further "believe[s] and fear[s]" that defendant Cappel intends to have him transferred to another prison for purposes of retaliation.[1]  (Id.)

On June 20, 2011, the magistrate judge previously assigned to this case issued findings and recommendations, subsequently adopted by the district judge on August 1, 2011, finding that the only claims that survived the screening process concerned defendants' alleged termination of plaintiff's job assignment at the prison book bindery in retaliation for protected First Amendment  activities.  (Dkt. Nos. #53, #59.)  As to defendant Cappel, plaintiff was found

---

[1] Speculative injury does not constitute irreparable harm.  See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown, although the injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.

to state a retaliation claim based on Cappel's alleged warning or threat "that if I pushed the issue [of a pending Inmate Appeal][,] the inmates on the yard who lost their jobs would blame me, and 'You know what that means.'" (Dkt. No. #11 at 2.)  Plaintiff seeks to enjoin defendant Cappel for alleged actions outside the scope of these claims, and has demonstrated neither a likelihood of success on the merits nor the threat of irreparable injury as to defendant Cappel or any other named defendant.

Plaintiff also seeks injunctive relief against individuals who are not named as defendants in this action.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's June 2, 2011 motion for temporary restraining order and preliminary injunction (Dkt. No. #52) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 18, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 - broo1364.49

3