IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD BROOK,

     Plaintiff,                    No. CIV S-09-1364 GEB CKD P

   vs.

V. SING, et al.,

     Defendants.           ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  This case proceeds on the original complaint filed on May 15, 2009.  (Dkt. No. 1.) On October 8, 2009, the court found that the complaint states claims for First Amendment-based retaliation against defendants Miles, Herrera, and Singh.  (See Dkt. No. 53 at 1.)  Discovery closed on December 17, 2010.  (Dkt. No. 32.)  Defendants' April 11, 2011 motion for summary judgment is pending.  (Dkt. Nos. 48, 49.)  In their briefing on defendants' motion for summary judgment, both parties describe the relevant events as occurring in the 2006-2009 timeframe. (Dkt. No. 48-1 at 3-5 ; Dkt. No. 49 at 4-7.)

        On December 27, 2011 plaintiff filed a one-page motion to amend or supplement the complaint.  (Dkt. No. 67.)  He states: "As a result of various actions which have taken place in the recent past, in the time since I filed my Amended Complaint, I find the need to

1

1  suppl[e]ment my complaint" pursuant to Federal Rules of Civil Procedure Rule 15.  (Id.)[1]

2       Under Rule 15(d), "the court may, on just terms, permit a party to serve a
3  supplemental pleading setting out any transaction, occurrence, or event that happened after the
4  date of the pleading to be supplemented."

> "While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action." Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997). When deciding whether or not to permit leave, "[f]actors to be considered by the court include the promotion of a justiciable disposition of the case, the delay or inconvenience the allowance of such a pleading will cause, and the prejudice to the rights of the parties to the action." Brown v. California, No. 89–0811, 1990 U.S. Dist. LEXIS 16054, at * 13 (N.D .Cal. Nov. 14, 1990).  When the facts alleged in the supplemental pleadings are based on facts which are completely unrelated to the facts at issue in the original complaint, allowing a plaintiff to add the additional claims would not serve the purpose of Rule 15(d), namely promoting as complete an adjudication of the dispute between the parties as possible. Id. at * 14. Further, when a claim not only could have been the subject of a separate action, but it actually is the subject of a separate action, leave to amend is impermissible.  In re Exxon Valdez, 318 Fed. Appx. 545, 547 (9th Cir. 2009); see also Ctr. For Food Safety v. Vilsack, No. 10–4038, 2011 U.S. Dist. LEXIS 21275, at *15, 2011 WL 672802 (N.D.Cal. Feb. 18, 2011).

In re Celera Corp. Derivative Litigation, No. C 10-02935 JW, 2011 WL 1431692 (N.D. Cal. April 14, 2011).

    Here, plaintiff has made no attempt to show that his intended supplemental pleading meets the standard set forth above.  Moreover, at this point in the proceedings, new

---

[1] Amended pleadings relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading.  Supplemental pleadings deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings. See Wright, Miller & Kane, Federal Practice & Procedure, Chp. 4, § 1504 (3d ed.) (2011). Here, the court construes plaintiff's motion as seeking leave to supplement the complaint under Rule 15(d), rather than amend it under Rule 15(a).
    Insofar as plaintiff alternatively seeks to amend under Rule 15(a), plaintiff has not made any showing that justice requires leave to amend in this instance, particularly given the advanced procedural posture of the case.  The court notes that plaintiff's July 2, 2010 motion to amend the complaint was denied where the proposed amended complaint merely "describe[d] a series of events, not included in the original complaint" and did not "state a claim of retaliation against the defendants already served[.]"  (Dkt. No. 26 at 6-7.)

1  allegations concerning recent events would likely cause delay, inconvenience, and prejudice to
2  defendants.  Given the posture of this case and plaintiff's failure to make any showing that his
3  motion is meritorious under Rule 15(d), the court will deny plaintiff's motion and proceed to rule
4  on the pending motion for summary judgment.
5        Accordingly, IT IS HEREBY ORDERED that plaintiff's December 27, 2011
6  motion to amend (Dkt. No. 67) is denied.

Dated: January 10, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
broo1364.supp