1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONALD BROOK,

11          Plaintiff,                    No. 2:09-cv-1364 GEB CKD P

12      vs.

13   V. SINGH, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C.

17   § 1983.  This case proceeds on the original complaint filed on May 15, 2009.  (Dkt. No. 1.)  On

18   March 19, 2012, the district judge adopted this court's findings and recommendations that

19   summary judgment be denied as to defendants Miles, Cappel, Singh, and Herrera.  (Dkt. Nos. 72,

20   76.)  Pending before the court is plaintiff's March 22, 2012 motion to amend the complaint, to

21   which he has attached a proposed "Supplemental Complaint."  (Dkt. No. 78.)

22          As the court explained in its January 10, 2012 order (Dkt. No. 69), amended

23   pleadings relate to matters that occurred prior to the filing of the original pleading and entirely

24   replace the earlier pleading.  Supplemental pleadings deal with events subsequent to the pleading

25   to be altered and represent additions to or continuations of the earlier pleadings.  See Wright,

26   Miller & Kane, Federal Practice & Procedure, Chp. 4, § 1504 (3d ed.) (2011).  Here, the

1  proposed complaint reiterates the allegations of the operative complaint in the 2006-2009

2  timeframe, but also alleges subsequent events in the 2010-2011 timeframe.  Thus, like

3  defendants, the court will construe the motion as seeking leave to supplement the complaint

4  under Rule 15(d) of the Federal Rules of Civil Procedure.

5          Under Rule 15(d), "the court may, on just terms, permit a party to serve a

6  supplemental pleading setting out any transaction, occurrence, or event that happened after the

7  date of the pleading to be supplemented."

8          "While leave to permit supplemental pleading is 'favored,' it
   cannot be used to introduce a 'separate, distinct and new cause of
9          action." Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400,
           402 (9th Cir. 1997). When deciding whether or not to permit leave,
10         "[f]actors to be considered by the court include the promotion of a
           justiciable disposition of the case, the delay or inconvenience the
11         allowance of such a pleading will cause, and the prejudice to the
           rights of the parties to the action." Brown v. California, No.
12         89–0811, 1990 U.S. Dist. LEXIS 16054, at * 13 (N.D .Cal. Nov.
           14, 1990).  When the facts alleged in the supplemental pleadings
13         are based on facts which are completely unrelated to the facts at
           issue in the original complaint, allowing a plaintiff to add the
14         additional claims would not serve the purpose of Rule 15(d),
           namely promoting as complete an adjudication of the dispute
15         between the parties as possible. Id. at * 14. Further, when a claim
           not only could have been the subject of a separate action, but it
16         actually is the subject of a separate action, leave to amend is
           impermissible. In re Exxon Valdez, 318 Fed. Appx. 545, 547 (9th
17         Cir. 2009); see also Ctr. For Food Safety v. Vilsack, No. 10–4038,
           2011 U.S. Dist. LEXIS 21275, at *15, 2011 WL 672802 (N.D.Cal.
18         Feb. 18, 2011).

19  In re Celera Corp. Derivative Litigation, No. C 10-02935 JW, 2011 WL 1431692 (N.D. Cal.

20  April 14, 2011).

21          In the proposed supplemental complaint, plaintiff alleges that, at a May 4, 2011

22  classification hearing, defendant Cappel denied plaintiff's request to be placed on the waiting list

23  for a job at the Prison Industries Authority (P.I.A.) book bindery or metal fabrication plant.

24  Cappel allegedly told plaintiff that granting his request would "contradict" an earlier committee

25  decision, addressed in plaintiff's original complaint.  (Dkt. No. 78-1, ¶¶ 56-64.)  Plaintiff further

26  alleges that Cappel committed witness intimidation when he improperly responded to an inmate

1    appeal filed by plaintiff on November 3, 2011.  (Id., ¶¶ 155-157.)  He also alleges that Cappel

2    was deliberately indifferent to plaintiff's medical needs when Cappel "ignored a medical hold"

3    on plaintiff and effected plaintiff's transfer to another prison.  (Id., ¶¶ 158-161.)

4            In opposition to the motion, defendants argue that plaintiff seeks to "pursue new

5    causes of action on facts unrelated to those at issue in the original complaint."  They assert that

6    this would unduly prejudice defendants because it would require additional discovery and

7    briefing, and delay final disposition of the case.  (Dkt. No. 79.)  In reply, plaintiff asserts that

8    "[t]he issues raised in the supplement complaint are evidence of a continuation of the retaliation"

9    by defendant Cappel as alleged in the original complaint.  (Dkt. No. 80.)

10           The court declines to grant leave to file a supplemental complaint in this instance.

11   The gravamen of the operative complaint is that, in retaliation for protected First Amendment

12   activity, defendants prohibited plaintiff from resuming his job of nine years at the P.I.A. book

13   bindery by denying him C-side access.  Defendant Cappel is alleged to have discouraged plaintiff

14   in April 2009 from appealing the denial of C-side access, and a material dispute of fact exists as

15   to whether Cappel's statement constituted a retaliatory threat.  (See Dkt. No. 72 at 9-15.)  The

16   allegations in the proposed complaint concerning witness tampering, medical indifference, and

17   transfer to another institution are too far-removed from the facts in the operative complaint to

18   warrant a supplemental pleading.  As to the new allegation that Cappel refused to put plaintiff on

19   the waiting list for a C-side job, the court finds that plaintiff fails to state a new retaliation claim

20   on these facts.  Rather, on the facts alleged, Cappel simply declined to reverse an April 2009

21   committee decision to deny plaintiff access to C-side.  That decision is amply addressed in the

22   original complaint.  Moreover, as this case has been pending for more than three years and

23   dispositive motions have been resolved, the court finds that supplementation of the complaint

24   with new and varied allegations would cause undue prejudice and delay.

25   ////

26   ////

1          Accordingly, IT IS HEREBY ORDERED THAT plaintiff's March 22, 2012

2    motion to amend the complaint (Dkt. No. 78) is denied.

3      Dated: May 29, 2012

4                                              _____

5                                              CAROLYN K. DELANEY
                                               UNITED STATES MAGISTRATE JUDGE
6

7

8    2
     broo1364.supp2

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26